The STATE of Ohio, Appellant,

v.

FELTNER, Appellee.

[Cite as *State v. Feltner* (1993), 87 Ohio App.3d 279.]

Court of Appeals of Ohio,
Warren County.

No. CA92–10–089.

Decided April 19, 1993.

*Timothy A. Oliver,* Warren County Prosecuting Attorney, *James D. Beaton* and *Robert Karl,* Assistant Prosecuting Attorneys, for appellant.

*Thomas G. Eagle Co., L.P.A.,* and *Thomas G. Eagle,* for appellee.

JONES, Presiding Judge.

Plaintiff-appellant, state of Ohio, appeals a decision of the Warren County Court of Common Pleas ordering the disclosure of a confidential informant's identity to defendant-appellee, Bernie Feltner.

On April 27, 1992, appellee was indicted for one count of aggravated trafficking pursuant to R.C. 2925.03(A)(5) and one count of permitting drug abuse in a motor vehicle pursuant to R.C. 2925.13(A). The state alleged that an informant told authorities that appellee was selling lysergic acid diethylamide ("LSD") and that the informant could arrange for the purchase of the drug from appellee by authorities. It was further alleged that on September 10, 1991, the informant introduced appellee to two undercover investigators from the Warren County Prosecutor's Office and that appellee sold ten "hits" of LSD to the investigators for $80 while in his automobile.

On August 12, 1992, appellee filed a motion for disclosure of the identity of the confidential informant. Appellee requested the disclosure on the basis that he intended to raise the defense of entrapment. On August 31, 1992, the state responded that appellee's allegations were insufficient to demonstrate entitlement to disclosure. Then, on September 4, 1992, appellee filed a reply specifying that the informant coerced him into making the transaction.

On September 4, 1992, the trial court ordered the state to disclose the informant's identity, finding that appellee's allegations demonstrated a need for disclosure. The state brings the instant appeal, setting forth the following assignments of error:

Assignment of Error No. 1:

"The trial court erred when it ordered the prosecution to disclose the identity of its confidential informant because the defendant did not satisfy his burden of producing evidence showing that the informant's identity was necessary to his alleged entrapment defense."

Assignment of Error No. 2:

"The trial court erred when it ordered the prosecution to disclose the identity of its confidential informant without first conducting an evidentiary hearing and making findings of fact."

In its first assignment of error, the state contends that appellee did not meet his burden of establishing the necessity for disclosure. An informant's identity must be revealed to a criminal defendant where the informant's testimony is (1) vital to establishing an element of the crime, or (2) helpful or beneficial to the accused in the preparation of a defense. *State v. Butler* (1984), 9 Ohio

St.3d 156, 9 OBR 445, 459 N.E.2d 536; *State v. Williams* (1983), 4 Ohio St.3d 74, 77, 4 OBR 196, 198, 446 N.E.2d 779, 781. Generally, disclosure is not required where the informant's role is that of a mere tipster. *State v. Parsons* (1989), 64 Ohio App.3d 63, 580 N.E.2d 800. However, when the degree of participation of the informant is such that the informant virtually becomes a state's witness, the balance swings in favor of disclosure. *Williams, supra,* at 76, 4 OBR at 197–198, 446 N.E.2d at 781.

The defendant bears the burden of establishing the need for disclosure. *Parsons, supra,* at 69, 580 N.E.2d at 804. A trial court's decision concerning the disclosure of a confidential informant's identity will not be reversed absent an abuse of discretion. *State v. Robinette* (June 10, 1992), Jackson App. No. 669, unreported, 1992 WL 129383; *United States v. Diaz* (C.A.5, 1981), 655 F.2d 580, certiorari denied (1982), 455 U.S. 910, 102 S.Ct. 1257, 71 L.Ed.2d 448. An abuse of discretion means more than a mere error of law or judgment; it implies an attitude on the part of the trial court that is arbitrary, unreasonable, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172, 404 N.E.2d 144, 148.

In the instant case, we find no abuse of discretion. Appellee alleged that the confidential informant induced him to complete the drug transaction and thus established that the informant's testimony would be helpful in establishing an entrapment defense. Further, appellee stated that the informant was actively involved in all stages of the transaction and was in fact present during the consummation of the sale. Therefore, pursuant to *Williams,* the informant could have been viewed virtually as a state's witness and thus the balance weighed in favor of disclosure. In any event, we cannot say that the trial court's decision to order disclosure was arbitrary, unreasonable, or unconscionable.

The state argues, however, that appellee did not meet his burden of establishing a need for disclosure because he did not present any competent evidence of such need. We are not persuaded. While a defendant is required to present more than mere allegations of the necessity of disclosure, he is not required to prove the need for disclosure by evidentiary materials. See, generally, *State v. Kidd* (Feb. 10, 1988), Summit App. No. 13357, unreported, 1988 WL 17815; *State v. Baldwin* (Apr. 8, 1987), Champaign App. No. 86-CA-14, unreported, 1987 WL 10147. As appellee's motion and memoranda provided specific allegations setting forth the need for disclosure, the trial court could have properly found that he met his burden.

The state also argues that the trial court erred in not balancing the state's interest in confidentiality against the defendant's need for disclosure pursuant to *Roviaro v. United States* (1957), 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, and its

progeny. In *Roviaro,* the United States Supreme Court stated that the decision to order disclosure of a confidential informant's identity involves a balancing of the public interest in protecting the flow of information against the individual's right to prepare a defense. *Id.* at 62, 77 S.Ct. at 628–629, 1 L.Ed.2d at 646. The state argues that the trial court's failure to perform such a balancing constituted reversible error.

Again, we are not persuaded. In its response to appellee's motion for disclosure, the state did not set forth any facts requiring secrecy, such as danger to the informant, and did not demonstrate that the public interest in the free flow of information would be impaired by disclosure in the instant case. As appellee notes, the state's response related solely to the sufficiency of appellee's allegations that disclosure was necessary. As such, the trial court was not provided with any factors weighing against disclosure and was therefore not required to perform the balancing described in *Roviaro.* Accordingly, the first assignment of error is overruled.

In the second assignment of error, the state contends that the court erred in ordering disclosure without conducting an evidentiary hearing. However, at no point in the proceedings below did the state request such a hearing. It is well settled that an appellate court will not consider any alleged error that counsel for a party complaining of a trial court's decision could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. *State v. Awan* (1986), 22 Ohio St.3d 120, 122, 22 OBR 199, 201, 489 N.E.2d 277, 279. Here, the state could have requested an evidentiary hearing in its response to appellee's motion for disclosure or at any other point following the filing of the motion, but did not do so. Therefore, the state waived its right to assign as error the court's failure to conduct a hearing.

Notwithstanding the above, the state contends that there is an absolute requirement to conduct an evidentiary hearing to determine the necessity for disclosure, and that the trial court was required to conduct such hearing *sua sponte.* This argument is not well taken. As we suggested under the first assignment of error, and as the court held in *Kidd, supra,* a trial court may decide a motion for disclosure of an informant's identity based upon the motions and memoranda of the parties. The second assignment of error is therefore overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KOEHLER and WALSH, JJ., concur.