Appellant Ramzi Larbi is appealing the decision of the Canton Municipal Court that found him guilty of selling alcohol to underage persons in violation of R.C. 4301.69. The following facts give rise to this appeal.
A concerned parent contacted Detective Bill Adams, of the Canton Police Department's Vice Unit, regarding two area stores that were selling alcohol to her three children. Detective Adams requested the woman's eighteen-year-old daughter act as a confidential informant which she agreed to do. Detective Adams verified the age of the confidential informant by checking her driver's license and running her information through LEADS.
On February 19, 1998, Detective Adams and Detective Harhager placed an electronic listening device on the confidential informant and gave her money to purchase a bottle of beer from the Northwest Food Market. Detective Harhager listened to the entire transaction while located in an undercover police vehicle outside the store. Detective Adams witnessed the entire transaction standing outside the market looking through a window. Detective Adams witnessed appellant sell the bottle of beer, to the confidential informant, without checking any identification to determine whether she was of the legal drinking age. After purchasing the beer, the confidential informant gave the detectives the beer, money and a description of appellant.
At that point, Detectives Adams and Harhager entered the store and issued a summons to appellant. On February 26, 1998, appellant entered a plea of not guilty. Appellant filed a motion to suppress on April 6, 1998. The trial court conducted a hearing on appellant's motion to suppress and denied said motion on June 18, 1998. On June 29, 1998, appellant filed a motion to compel the state to disclose the identity of the confidential informant. The trial court overruled appellant's motion, on June 30, 1998, prior to the start of trial. Appellant waived his right to a jury and the trial court heard this matter. On July 6, 1998, the trial court entered judgment finding appellant guilty as charged. Thereafter, appellant filed a motion to dismiss on the basis of R.C. 2938.11(F), which the trial court overruled. The trial court fined appellant $100 and ordered him to complete one hundred hours of community service.
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS AND MOTION TO DISCHARGE THE DEFENDANT.
 II. THE COURT ERRED IN REFUSING TO REQUIRE THE STATE TO DISCLOSE THE IDENTITY OF THE CONFIDENTIAL INFORMANT IN VIOLATION OF THE APPELLANT'S CONSTITUTIONAL RIGHTS.
 III. THE COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS BECAUSE THE STATE FAILED TO PRESENT EVIDENCE ESTABLISHING PROBABLE CAUSE.
 I
In his First Assignment of Error, appellant contends the trial court erred when it denied his motion to dismiss. We disagree.
Appellant moved the trial court to dismiss the case and discharge him from criminal liability on the basis that the trial court failed to comply with R.C. 2938.11(F) which provides:
 (F) Any verdict arrived at by the jury, or finding determined by the judge or magistrate in trial to the court, shall be announced and received only in open court as soon as it is determined. Any finding by the judge or magistrate shall be announced in open court not more than forty-eight hours after submission of the case to him.
In the case of State ex rel. Turrin v. Tuscarawas Cty. Court
(1966), 5 Ohio St.2d 194, the Ohio Supreme Court stated that the statutory provision contained in R.C. 2938.11(F) is directory. Id. at 196. In that case, the Court concluded that the trial court sufficiently complied with the statute where a case was submitted on December 14, 1964, at 11:00 a.m. and the trial court announced judgment on December 16, 1964, at 2:00 p.m. Id. In the case sub judice, the trial court took the matter under advisement on June 30, 1998. The court rendered its decision on July 6, 1998, following the holiday weekend, which was only three business days after it took the matter under advisement. Based on this time period, we find the trial court sufficiently complied with the mandates of R.C.2938.11(F).
Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant maintains the trial court erred in refusing to require the state to disclose the identity of the confidential informant. We disagree.
In the case of State v. Williams (1983), 4 Ohio St.3d 74, 77, the Ohio Supreme Court explained the identity of a confidential informant should be disclosed to a defendant when: (1) it is vital to establishing an element of the crime, or (2) would be helpful or beneficial to the accused in preparing or making a defense to criminal charges. Id. at syllabus. The defendant bears the burden of establishing the necessity for disclosure.State v. Parsons (1989), 64 Ohio App.3d 63, 69. In reviewing a trial court's decision not to disclose the identity of a confidential informant, we apply an abuse of discretion standard. State v. Feltner (1993), 87 Ohio App.3d 279, 282.
Appellant argues the trial court should have disclosed the identity of the confidential informant because she could have lied to the Bureau of Motor Vehicles about her age, therefore, the best evidence was the testimony of the confidential informant herself. The state established the confidential informant's age through the testimony of Detective Adams who stated he examined the confidential informant's Ohio driver's license which indicated she was eighteen years old. Further the state introduced a copy of the LEADS printout matching the confidential informant's name, address and social security number which reflected the age contained on the license.
Appellant also argues he needed to know the identity of the confidential informant in order to refute the element of recklessness. This court has previously determined that the underage consumption statute, R.C. 4301.69, is regulatory and intended to protect the public safety, health and well-being and is therefore a strict liability offense. State v. Wilson
(June 13, 1991), Delaware App. No. 90-CA-38, unreported, at 2. Therefore, recklessness is not an element of this offense. Further, pursuant to R.C. 4301.639, the only available defense is that the purchaser of the alcohol did in fact present a driver's license or an identification card that indicated he or she is at least twenty-one years of age. The evidence at trial established the confidential informant did not present identification to appellant prior to purchasing the beer.
Thus, we find the trial court properly denied appellant's request to disclose the identity of the confidential informant.
Appellant's Second Assignment of Error is overruled.
 III
In his Third Assignment of Error, appellant contends the trial court erred in denying his motion to suppress because the state failed to present evidence establishing probable cause to charge him with selling alcohol to an underage person since the state did not test the contents of the bottle and the state failed to produce any evidence that the confidential informant was underage. We disagree with both arguments.
Appellant essentially challenges the trial court's findings of fact. As an appellate court, we must determine whether said findings of fact are against the manifest weight of the evidence. See, State v. Fanning (1982), 1 Ohio St.3d 19; Statev. Klein (1991), 73 Ohio App.3d 486; and State v. Guysinger
(1993), 86 Ohio App.3d 592.
We agree with the trial court's conclusion that it was not necessary for the state to test the contents of the bottle to determine if it contained alcohol. As noted by the trial court in the judgment entry denying appellant's motion to suppress, the bottle was labeled "Miller Lite Ice Beer" and the cap was sealed. Judgment Entry, June 18, 1998, at 2. This is sufficient to establish probable cause. Second, as noted in appellant's Second Assignment of Error, the state produced evidence that the confidential informant was eighteen-years-old by checking her driver's license and obtaining a LEADS report to confirm the information contained on her driver's license. Accordingly, we find the trial court's decision is not against the manifest weight of the evidence and the trial court properly denied appellant's motion to suppress.
Appellant's Third Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is hereby affirmed.
By: Wise, P. J., Farmer, J., and Edwards, J., concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Canton Municipal Court of Stark County, Ohio, is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES