JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Daman Patterson, appeals the judgment of the Cuyahoga County Court of Common Pleas, rendered after a jury verdict, finding him guilty of drug trafficking, in violation of R.C.2925.03(A)(1); preparation of drugs for sale, in violation of R.C.2925.03(A)(2); and possession of drugs, in violation of R.C. 2925.11. Appellant contends that the trial court erred in not compelling the State to identify the purchaser of the illegal drugs and in imposing consecutive sentences. He also contends that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. Finding no merit to appellant's appeal as it pertains to his convictions for these offenses, we affirm but vacate the sentence imposed and remand for resentencing.
{¶ 2} The record reflects that on June 25, 2001, the Cuyahoga County Grand Jury indicted appellant on one count each of drug trafficking, preparation of drugs for sale and possession of drugs. Trial commenced on October 4, 2001.
{¶ 3} City of Cleveland Police Detective John Hall testified that on May 17, 2001, in response to numerous complaints of drug activity in the area, he and City of Cleveland Police Detective Darren Robinson participated in an undercover buy/bust operation at 14315 Milverton. A confidential reliable informant (CRI) and a police take-down unit also participated in the operation. Hall testified that he had worked with this CRI approximately two thousand times over the past three years.
{¶ 4} According to Hall, he and Robinson first searched the CRI and determined there were no drugs or money on the CRI. The detectives then gave the CRI a marked ten-dollar bill which they had previously photocopied and drove with the CRI in an unmarked car to the area of 143rd and Milverton. Hall testified that after he parked the car, he watched the CRI exit the vehicle, walk up to appellant and then engage in conversation with him as they walked to an apartment building in the area. Hall then saw appellant go into the building for a short period of time while the CRI waited outside. Hall testified that when appellant came out of the building, he saw appellant place a small object in the CRI's hand and then saw the CRI give appellant the marked money. The CRI then came back to the car and handed Hall a rock of crack cocaine wrapped in a small piece of plastic. Hall then radioed the take-down car and reported that a drug transaction had occurred.
{¶ 5} Hall admitted on cross-examination that he did not hear the conversation between the CRI and appellant, but testified that the transaction took place fifteen feet away from him and the CRI was never out of his sight.
{¶ 6} Detective Robinson testified that he photocopied the ten-dollar bill before he gave it to the CRI on May 17, 2001. Robinson testified further that as he sat in the unmarked car with Detective Hall, he saw the CRI walk up to appellant and engage in a brief conversation with him. He then saw appellant go into an apartment building for a short time and upon his return, exchange a small object with the CRI. Robinson testified that no one approached or spoke with the CRI while the CRI waited outside the building for appellant. He testified further that he knew there were no drugs on the CRI when the CRI approached appellant because he and Hall had searched the CRI before the CRI got in the car with them.
{¶ 7} Robinson identified State's Exhibit 1 as the rock of crack cocaine given to Hall by the CRI after the CRI obtained it from appellant. He also identified State's Exhibit 4 as the photocopy of the ten-dollar bill that he had made before the buy/bust and Exhibit 4A as the ten-dollar bill obtained from appellant after his arrest. Robinson testified that the serial numbers and special mark on both bills were the same.
{¶ 8} City of Cleveland Police Officer Jason Steckle testified that he was one of four officers in the take-down car on May 17, 2001. Steckle testified that after receiving Hall's radio broadcast, the officers drove to the area of the drug buy. Recognizing appellant from Hall's description, Steckle and another officer approached him and grabbed his arms to handcuff him. Steckle testified that as appellant struggled with the officers, a ten-dollar bill fell out of his hand and three rocks of crack cocaine, each individually wrapped in plastic, fell out of his mouth. Steckle identified State's Exhibit 4A as the money retrieved from appellant and State's Exhibit 2 as the three rocks of crack cocaine that fell from appellant's mouth during his arrest.
{¶ 9} Appellant stipulated to the authenticity and accuracy of State's Exhibit 3, a forensic laboratory report from the City of Cleveland Scientific Investigation Unit, which confirmed that the rock recovered from the CRI and the three rocks that fell from appellant's mouth were crack cocaine.
{¶ 10} After the trial court denied appellant's Crim.R. 29 motion for acquittal, the jury found appellant guilty on all three counts. The trial court sentenced appellant to six months incarceration on each count; counts one and two to be served concurrently and count three consecutively to counts one and two.
{¶ 11} Appellant timely appealed, raising four assignments of error for our review.
{¶ 12} In his first assignment of error, appellant contends that the trial court erred in refusing to order the State to disclose the identity of the confidential informant.
{¶ 13} As an initial matter, we note there is no oral or written motion from appellant in the record requesting that the trial court order the State to reveal the identify of the confidential informant nor any objection at trial regarding the State's failure to disclose the identify of the CRI. Failure to raise an issue in the court below waives the opportunity to raise it here. State v. Lorraine (1993), 66 Ohio St.3d 414. Nevertheless, in the interest of justice, we will consider whether the trial court should have ordered the State to reveal the identity of the CRI.
{¶ 14} We will not reverse a trial court's decision regarding the disclosure of the identity of a confidential informant absent an abuse of discretion. State v. Brown (1992), 64 Ohio St.3d 649; State v. Feltner
(1993), 87 Ohio App.3d 279, 281; State v. Richard (Dec. 7, 2000), Cuyahoga App. No. 76796. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
{¶ 15} As this court stated in Richard, supra:
 {¶ 16} A criminal defendant is entitled to disclosure of a confidential informant's identity only where the informant's testimony is either: 1) vital to establishing an essential element of the offense charged; or 2) helpful or beneficial to the accused in preparing a defense. State v. Williams (1983), 4 Ohio St.3d 74, syllabus. If the informant's degree of participation is such that the informant is essentially a State's witness, the balance tilts in favor of disclosure. Id. at 76. However, where disclosure is not helpful to the defense, the prosecution need not reveal the informant's identity. Id. The defendant bears the burden of establishing the need for learning the informant's identity. Feltner, supra; State v. Parsons (1989), 64 Ohio App.3d 63, 69.
{¶ 17} Here, Detectives Hall and Robinson testified that they searched the CRI before the CRI got in the car with them, gave the CRI the marked "buy" money, watched the CRI meet with appellant and observed the exchange between them, and then immediately obtained from the CRI the rock of crack cocaine the CRI had purchased from appellant. Officer Steckle testified that when he arrested appellant, three rocks of crack cocaine fell out of his mouth and the marked ten-dollar bill given to him by the CRI fell out of his hand. This testimony was sufficient to establish all the elements of the offenses charged.
{¶ 18} Disclosure of the CRI's identity, therefore, was not necessary to establish any essential element of the offenses charged.State v. Dakdouk (Mar. 1, 2001), Cuyahoga App. No. 77701; Richard,
supra. Moreover, appellant failed to make any showing whatsoever that disclosure of the CRI's identity would be helpful in preparing his defense. Accordingly, the trial court did not abuse its discretion in not ordering the State to reveal the identity of the CRI. Appellant's first assignment of error is therefore overruled.
{¶ 19} In his second assignment of error, appellant asserts that the trial court erred in denying his Crim.R. 29 motion for acquittal because the State failed to present sufficient evidence to support his convictions for drug trafficking, in violation of R.C. 2925.03(A)(1), and preparation of drugs for sale, in violation of R.C. 2925.03(A)(2).[1]
Appellant asserts that the evidence was insufficient because only the CRI, who did not testify at trial, heard the conversation between appellant and the CRI and saw the rock of crack cocaine when appellant handed it to the CRI. Therefore, appellant contends, the testimony of the police officers regarding the transaction was speculative and, consequently, insufficient.
{¶ 20} On review for sufficiency, however, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction.State v. Thompkins, 78 Ohio St.3d 380, 390, 1997-Ohio-52. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Statev. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the State has met its burden of production at trial. Thompkins, supra.
{¶ 21} Whether the officers' testimony in this case was credible or not was for the trier of fact to determine. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. Construing the officers' testimony in a light most favorable to the prosecution, however, as we are required to do, it is clear there was sufficient evidence which, if believed, demonstrated that appellant prepared and sold crack cocaine to the CRI in violation of R.C. 2925.03. Accordingly, the State met its burden of production at trial. Appellant's second assignment of error is therefore overruled.
{¶ 22} In his third assignment of error, appellant contends that his convictions for drug trafficking and preparation of drugs for sale were against the manifest weight of the evidence.
{¶ 23} A manifest weight of the evidence argument involves determining whether there exists a greater amount of credible evidence offered in a trial to support one side of the issue rather than the other. State v. Thompkins, 78 Ohio St.3d at 387, 1997-Ohio-52. Weight is not a matter of mathematics, but depends on its effect in inducing belief. Id.
{¶ 24} When reviewing a claim that the judgment in a criminal case is against the manifest weight of the evidence, this court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Thompkins, supra, citing State v.Martin (1983), 20 Ohio App.3d 172, 175.
{¶ 25} Despite appellant's protestations to the contrary, the undisclosed CRI was not "exclusively responsible" for supplying the evidence to sustain his convictions. Rather, the evidence adduced at trial from the State's witnesses included: 1) testimony from Detectives Hall and Robinson that, after searching the CRI and determining the CRI was free of drugs or money, they gave the CRI a marked ten-dollar bill; 2) testimony from Detectives Hall and Robinson that they watched the CRI meet with appellant, observed the hand-to-hand exchange between them and then immediately obtained the rock of crack cocaine from the CRI; 3) testimony from Officer Steckle that the marked money given to appellant by the CRI fell from his hand and three rocks of crack cocaine fell from his mouth as he struggled with the police during his arrest; and 4) a forensic laboratory report confirming that the rock sold by appellant to the CRI and the three rocks that fell from appellant's mouth were crack cocaine.
{¶ 26} In light of this evidence, the jury could have reasonably believed that appellant transported and sold crack cocaine to the CRI. Accordingly, it cannot be said that the jury lost its way and created such a miscarriage of justice that appellant's convictions must be reversed. Appellant's convictions were not against the weight of the evidence and, therefore, the third assignment of error is overruled.
{¶ 27} In his last assignment of error, appellant contends that the trial judge erred in imposing consecutive sentences.
{¶ 28} R.C. 2929.14(E)(4) governs the imposition of consecutive sentences. It provides that a court may impose consecutive sentences only when it concludes that the sentence is: 1) necessary to protect the public from future crime or to punish the offender; 2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and 3) one of the following applies: a) the offender committed the offenses while awaiting trial or sentencing, under sanction or under post-release control; b) the harm caused by the multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime.
{¶ 29} Moreover, R.C. 2929.19.(B)(2) provides that:
 {¶ 30} The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 31} * * * {¶ 32} (c) If it imposes consecutive sentences under section 2929.12 of the Revised Code, its reasons for imposing the consecutive sentences.
{¶ 33} Thus, R.C. 2929.14(E)(4) requires the trial court to make at least three findings prior to sentencing an offender to consecutive sentences and, pursuant to R.C. 2929.19(B)(2)(c), the trial court must give the reasons behind its findings. Failure to sufficiently state these reasons on the record constitutes reversible error. State v. Gary
(2001), 141 Ohio App.3d 194, 196-198; State v. Beck (Mar. 30, 2000), Cuyahoga App. No. 75193.
{¶ 34} In sentencing appellant to consecutive sentences, the trial court stated:
 {¶ 35} First two counts are concurrent. The third count will be consecutive. The Court will make a finding it is necessary to protect the public and punish the offender. It is not disproportionate to his conduct and the danger he poses and the defendant's criminal history shows that consecutive terms are needed to protect the public.
 {¶ 36} I gave minimum sentences on the three charges, but I believe that the consecutive sentences are warranted because of this area. It is crime-infested. He added to the crime and he spreads the poison. He goes to jail and not certainly for the minimum amount of time.
{¶ 37} Although at first glance it appears that the trial court made the statutorily required findings for the imposition of a consecutive sentence, the record indicates that the trial court did not actually do so. Rather, the trial court merely made conclusory statements that mimicked the language of the statute without analyzing whether appellant's conduct justified those conclusions. Such conclusory statements do not satisfy the statutory requirements and cannot support the imposition of consecutive sentences. Gary, 141 Ohio App.3d at 197;State v. Beck (Mar. 30, 2000), Cuyahoga App. No. 75193.
{¶ 38} Likewise, the trial court's statement that the crimes occurred in a "crime-infested" area and appellant's offenses "spread the poison," although accurate, was not a sufficient reason for imposing a consecutive sentence. This court has interpreted "finding" to mean the various findings outlined in R.C. 2929.14 and "reasons" as the trial court's stated basis for its "findings." State v. Berry (Mar. 9, 2000), Cuyahoga App. Nos. 75470, 75471. Thus, the trial court's reasons for imposing a consecutive sentence must "justify its findings" under R.C.2929.14(E). State v. Pennington (Nov. 1, 2001), Cuyahoga App. No. 78878. Here, the trial court's statement did not explain how the sentence was necessary to protect the public or punish appellant, not disproportionate to the seriousness of appellant's conduct nor how appellant's criminal history demonstrated that consecutive terms were necessary to protect the public.
{¶ 39} Accordingly, appellant's fourth assignment of error is sustained. Appellant's sentence is vacated and the case is remanded for resentencing in accordance with this opinion.
It is ordered that appellant and appellee share costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. AND PATRICIA A. BLACKMON, J. CONCUR.
[1] {¶ a.} R.C. 2925.03 provides, in pertinent part:
 {¶ b.} (A) No person shall knowingly do any of the following:
{¶ c.} (1) Sell or offer to sell a controlled substance;
 {¶ d.} (2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person.