JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant, Pierre Steward ("Steward"), appeals the judgment of the Cuyahoga County Court of Common Pleas, rendered after a bench trial, finding him guilty of possession of drugs and preparation of drugs for sale with a juvenile specification. Steward contends the trial court erred in denying his request to disclose the identity of a confidential informant, denying his motion to continue the trial, and denying his motion to suppress. He also contends the trial court violated his due process rights by allowing the admission of hearsay evidence, convicted him of a juvenile specification where there was insufficient evidence as to the ages of the alleged juveniles, denied his motion for a new trial, and sentenced him for possession of crack cocaine instead of cocaine. We find no merit to the appeal and affirm.
 {¶ 2} Beginning on January 9, 2002, the trial court simultaneously conducted a suppression hearing and a bench trial where the following evidence was presented:
 {¶ 3} Officer Gregory Curry testified he was an officer with the Warrensville Heights Police Department for almost five years and was assigned to the vice unit at the time he arrested Steward. He had been involved in at least fifty undercover "buy/bust operations" and was familiar with drug transactions. He testified that on August 16, 2001, while he was conducting undercover surveillance in the parking lot at 4421 Granada Boulevard, he observed a suspicious Cadillac circle the area several times, so he decided to follow it. Curry testified that when the four people in the Cadillac noticed they were being followed, they drove off. Curry radioed the police who made a traffic stop from a marked vehicle at the intersection of Emery and Warrensville Center Roads. While Officer Franklin made the stop, Curry, who was parked behind the Cadillac, observed the passengers in the car making furtive movements as they watched Curry through the rear window. Officers Curry and Franklin determined that the driver was driving without a license. They also arrested one of the passengers, later identified as Stanley Barrett ("Barrett"), for possession of drugs. The driver, who had recently been released from jail, did not want to return to jail, so he offered to assist the police in apprehending the dealer who sold drugs to Barrett.
 {¶ 4} Officers Curry and Franklin returned to the police station with the driver of the Cadillac ("the informant") and Barrett, who was booked for possession of crack cocaine. The informant then contacted an individual named "Pete," who he claimed sold the drugs to Barrett.
 {¶ 5} The informant arranged to meet "Pete" at the same parking lot located on Granada. The police searched the informant's car and the informant's person for drugs before giving him $50. The informant had a friend with him who was going to ride along with the informant during the buy/bust operation to make the setup appear "real." The police also searched this individual to ensure he did not possess any drugs.
 {¶ 6} After it was determined that neither the informant nor his friend had any drugs and there were no drugs in their vehicle, Curry followed them to the parking lot on Granada, where he set up surveillance. While they waited for "Pete" to appear, Curry observed several children playing nearby. After a short time, Steward, a.k.a. "Pete," arrived at the scene.
 {¶ 7} Steward waved to the informant, who exited his car and got into the passenger's seat of Steward's car. Curry testified that he did not want the informant to enter Steward's vehicle because he feared the operation could turn into a chase. Therefore, he immediately radioed the police, who surrounded Steward's vehicle.
 {¶ 8} Curry testified that as he approached Steward's car window, he saw Steward counting rocks of suspected crack cocaine contained in a plastic bag. When Curry ordered Steward to put up his hands, Steward threw the bag out the window. The police then searched Steward and found two more bags of suspected crack cocaine in his pockets.
 {¶ 9} At trial, Laura Risdon, a forensic scientist with the Bureau of Criminal Identification, testified that the rocks of suspected crack cocaine tested positive for the base form of cocaine. She also testified that all of the items she tested were in rock form and thus met the statutory definition of crack cocaine.
 {¶ 10} At the conclusion of the evidence, the court denied Steward's motion to suppress. The court found Steward guilty on both counts with a juvenile specification and sentenced him to three years imprisonment.
 {¶ 11} Steward timely appeals, raising seven assignments of error.
 Disclosure of Informant's Identity {¶ 12} In his first assignment of error, Steward argues he was denied a fair trial because the trial court denied his pretrial motion to compel the State to reveal the identity of the informant. Steward argues the identity of the informant should have been disclosed because the informant was the sole participant in the drug transaction, apart from Steward himself.
 {¶ 13} An accused is entitled to disclosure of the identity of a confidential informant when "the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges." Statev. Williams (1983), 4 Ohio St.3d 74, 446 N.E.2d 779, at the syllabus. The defendant has the burden of establishing the need for such disclosure.State v. Parsons (1989), 64 Ohio App.3d 63, 69. In meeting this burden, the defendant must set forth more than mere speculation that "the informer might somehow be of some assistance in preparing the case * * *." Id. The trial court's determination as to whether disclosure of an informant's identity is necessary will not be reversed on appeal absent a finding of abuse of discretion. State v. Feltner (1993),87 Ohio App.3d 279, 282.
 {¶ 14} Here, Officer Curry used the informant to arrange a meeting with Steward to allow Steward to sell drugs to the informant. Before the sale took place, Curry witnessed Steward counting rocks of suspected crack cocaine. The police arrested Steward for possessing crack cocaine. Following a search incident to arrest, the police found several plastic bags containing crack cocaine in his pockets and in his car.
 {¶ 15} Steward was not charged with making illegal sales, but rather for possession of drugs and preparation of drugs for sale. Because Steward was not charged with the sale of illegal drugs, the informant's testimony was not necessary to establish he was the buyer of illegal drugs. Therefore, because Officer Curry witnessed Steward possessing crack cocaine, disclosure of the informant's identity was not necessary to establish any essential elements of the offenses charged. State v.Dakdouk (Mar. 1, 2001), Cuyahoga App. No. 77701.
 {¶ 16} Steward also fails to meet his burden of establishing that the identity of the informant would be helpful in preparing his defense. Steward claims the informant dropped the drugs at the scene and that the informant's testimony was necessary to establish this defense. However, Steward had the opportunity to cross-examine Officer Curry, who testified that the informant and the vehicle were searched for drugs immediately before he met Steward. Further, this is not a case where the informant was the only eyewitness. Officer Curry testified that he saw Steward counting rocks of crack cocaine. Thus, there was at least one other witness to the transaction besides the informant and this witness was subject to cross-examination. Moreover, Steward never articulated, beyond mere speculation, how the informant's testimony would be helpful in preparing a defense. Therefore, Steward failed to meet his burden of demonstrating that the identity of the informant would be helpful in preparing his defense. Accordingly, the first assignment of error is overruled.
 Denial of Continuance {¶ 17} In his second assignment of error, Steward argues the trial court abused its discretion in denying his motion for continuance to secure a witness who was incarcerated. The decision to grant or deny a continuance lies in the sound discretion of the trial court and will not be reversed absent an abuse of discretion. State v. Unger (1981),67 Ohio St.2d 65.
 {¶ 18} In Unger, supra, the Supreme Court set forth a balancing test to determine whether a motion for continuance should be granted. When evaluating a motion for continuance, a court should consider the length of delay, whether other continuances have been granted, the inconvenience to the litigants, witnesses, opposing counsel and the court, whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived, whether the moving party contributed to the circumstances which give rise to the request for a continuance, and any other relevant factors, depending on the unique facts of each case. Unger, 67 Ohio St.2d at 67-68.
 {¶ 19} After the close of the State's case, Steward moved for a continuance so that he could secure Stanley Barrett as a witness. At the time, Barrett was incarcerated in connection with drug possession charges. He was the passenger in the informant's car who was arrested for possession of drugs shortly before the informant and the police arranged the buy/bust operation. Because Barrett was in custody, he did not accompany the informant and was not involved in the attempted purchase of drugs from Steward. Thus, Barrett would have had no personal knowledge of the events leading to Steward's arrest. Moreover, Steward failed to articulate any particularized need for a continuance in the middle of trial to secure this witness and, thus, failed to demonstrate that a denial of a continuance would prejudice him in any way. Accordingly, we find no abuse of discretion and overrule Steward's second assignment of error.
 Motion to Suppress {¶ 20} In his third assignment of error, Steward claims that Officer Curry arrested him without probable cause and that evidence seized upon his arrest should have been suppressed. In a suppression hearing, the evaluation of the evidence and the credibility of witnesses are issues for the trier of fact. State v. Mills (1992), 62 Ohio St.3d 357;State v. McCulley (Apr. 28, 1994), Cuyahoga App. No. 64470. The trial court assumes the role of trier of fact in a suppression hearing and is, therefore, in the best position to resolve questions of fact and evaluate credibility of witnesses. State v. Klein (1991), 73 Ohio App.3d 486. Appellate courts should give great deference to the judgment of the trier of fact. State v. George (1989), 45 Ohio St.3d 325, 329, 544 N.E.2d 640. Accordingly, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.Klein, supra.
 {¶ 21} Probable cause has been defined as "a fair probability that contraband or evidence of a crime will be found." Illinois v. Gates
(1983), 462 U.S. 213, 238. Probable cause to arrest exists where the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent man in believing that an offense was committed. Beck v. Ohio (1964), 379 U.S. 89, 91.
 {¶ 22} Further, a warrantless search or seizure by a law enforcement officer of an object in plain view does not violate the Fourth Amendment if: (1) the officer did not violate the Fourth Amendment in arriving at the place from which the object could be plainly viewed; (2) the officer has a lawful right of access to the object; and (3) the incriminating nature of the object is immediately apparent. Horton v.California (1990), 496 U.S. 128, 136-137; State v. Wilmoth (1982),1 Ohio St.3d 118; State v. Williams (1978), 55 Ohio St.2d 82. In determining whether there is probable cause to satisfy the "immediately apparent" requirement, police officers may rely on their specialized knowledge, training, and experience. State v. Halczyszak (1986),25 Ohio St.3d 301.
 {¶ 23} When Officer Curry approached Steward's car, he observed Steward counting rocks of suspected crack cocaine in plain view. Based on his specialized knowledge, training, and experience with drug deals, it was immediately apparent to Officer Curry that Steward was holding crack cocaine and that a crime was being committed. Because Steward's car was parked in a public parking lot, Officer Curry's presence outside the car was lawful and did not violate Steward's Fourth Amendment rights.
 {¶ 24} In further support of a finding of probable cause, it should be remembered that before Officer Curry saw the cocaine in Steward's hands, Curry knew the informant had contacted Steward to arrange a controlled purchase of drugs. Curry also knew that Steward had instructed the informant to meet him in the parking lot located on Granada. Based on the totality of these circumstances, the trial court was correct in finding that Officer Curry had probable cause to arrest Steward. Accordingly, Steward's fourth assignment of error is overruled.
 Hearsay Evidence from Officer Curry {¶ 25} In his fourth assignment of error, Steward claims he was prejudiced when the trial court allowed Officer Curry to testify as to what the informant told him before Curry observed Steward with crack cocaine. Steward contends this evidence constitutes inadmissible hearsay. The State, however, argues that the statements at issue are not hearsay but statements offered to explain a police officer's conduct while investigating a crime.
 {¶ 26} In State v. Blevins (1987), 36 Ohio App.3d 147, the court held that under certain circumstances out-of-court statements offered to explain a police officer's conduct during an investigation are admissible as non-hearsay evidence. The Blevins court explained:
 {¶ 27} "Not all out-of-court statements are hearsay, e.g., some statements are merely verbal parts of acts and are, as the acts are themselves, admissible. However, in a criminal case, the potential for abuse in admitting such statements is great where the purpose is merely to explain an officer's conduct during the course of an investigation. Therefore, in order to admit out-of-court statements which explain an officer's conduct during the course of a criminal investigation, the conduct to be explained must be relevant, equivocal and contemporaneous with the statements. In addition, the statements must meet the standard of Evid. R. 403(A)." Id. at paragraph 1 of syllabus. See, also, State v.Maurer (1984), 15 Ohio St.3d 239, 262-263.
 {¶ 28} Applying these conditions to the instant case, we find that the statements were admissible. The informant's statements were offered to show how and why Officer Curry met Steward and had the opportunity to witness his committing a crime. The informant's statements were not offered for their truth, but to establish a foundation for Officer Curry's subsequent testimony. The conduct explained has independent legal significance. Id.
 {¶ 29} Accordingly, we find that the testimony was not hearsay, and it was not error, plain or otherwise, to admit it. Steward's fourth assignment of error is overruled.
 Juvenile Specification {¶ 30} In his fifth assignment of error, Steward asserts there was insufficient evidence to convict him of a "juvenile specification" beyond a reasonable doubt. Steward argues Officer Curry's testimony that the children he observed in the vicinity of Steward's vehicle were between eight and sixteen years of age was inadmissible because Curry did not have personal knowledge of the children's ages. However, Officer Curry testified that he has seen many children in his lifetime. He also testified that he saw these children with his own eyes and thus had personal knowledge of their appearances. Based on his experience, he was competent to estimate the children's ages particularly because some of them were clearly juveniles. Accordingly, Steward's fifth assignment of error is overruled.
 Crack vs. Powder Cocaine {¶ 31} In his sixth assignment of error, Steward contends he was denied due process when the court sentenced him for possession of crack cocaine instead of powder cocaine. Steward asserts the evidence at trial established the substance he possessed was cocaine but not crack cocaine. However, Laura Risdon, a chemist from the Bureau of Criminal Identification testified that each of the State's exhibits tested positive for the base form of cocaine. She also testified that each of the State's exhibits were in "rock form." Thus, all of the State's exhibits met the definition of "crack cocaine" under R.C. 2925.01(GG).
 {¶ 32} Although Steward's argument focuses on the definition of "crack cocaine," his real complaint is that the distinction between cocaine and crack cocaine, with significantly harsher penalties for those convicted of possessing crack cocaine, violates the Equal Protection Clauses of the United States and Ohio Constitutions. However, the statute does not expressly discriminate against any class of persons and is therefore constitutional on its face. See State v. Bryant, 2nd Dist. No. 16809, 1998 Ohio App. Lexis 3308. Indeed, Steward does not claim to belong to any particular aggrieved or "suspect class." Thus, it is difficult to ascertain exactly how his equal protection rights were violated.
 {¶ 33} Nonetheless, it is well established that a statutory classification that involves neither a suspect class nor a fundamental right does not violate the Equal Protection Clauses of the Ohio and United States Constitutions if the classification is rationally related to a legitimate governmental interest. See Klepper v. Ohio Bd. ofRegents (1991), 59 Ohio St.3d 131, 133.
 {¶ 34} Under this rational basis test, the statute must be upheld if it bears a rational relationship to a legitimate governmental interest. Adamsky v. Buckeye Local School Dist. (1995), 73 Ohio St.3d 360,361, 363. Where the rational basis test is used, great deference is paid to the State. Conley v. Shearer (1992), 64 Ohio St.3d 284, 289.
 {¶ 35} As previously mentioned, R.C. 2925.11 does not discriminate on the basis of any "suspect class" of persons on its face. Because there is no fundamental right to possess cocaine or crack cocaine, R.C. 2925.11
is constitutional if it bears a rational relationship to a legitimate governmental interest. See Adamsky, supra.
 {¶ 36} In State v. Rogers, this court held:
 {¶ 37} "The State has a legitimate interest in protecting its citizens from the dangers of illegal drugs and from crimes of violence. It may serve this interest by enacting more severe penalties for drugs that it views as `particularly insidious.' * * * Legislation that creates distinctions need not be perfect; it need only bear a rational relationship to a legitimate governmental interest. * * * The classification of crack cocaine as a more dangerous drug meets this test." State v. Rogers (May 21, 1998), Cuyahoga App. Nos. 72736 and 72737 (Citations omitted).
 {¶ 38} Because the sentencing provisions of R.C. 2925.11 bear a rational relationship to the achievement of a legitimate governmental purpose, the statute must be upheld as constitutional.
 {¶ 39} Accordingly, Steward's sixth assignment of error is overruled.
 Motion for New Trial {¶ 40} In his seventh assignment of error, Steward contends the trial court denied him due process when it denied his motion for a new trial. In his motion, Steward claimed the evidence did not support the convictions, and as grounds for a new trial, he argued that Officer Curry could not have been truthful when he testified that he saw Steward counting rocks of cocaine because there were bushes that obstructed his view. Steward attached to his motion for a new trial photographs of the scene depicting the presence of the bushes.
 {¶ 41} A ruling on a motion for a new trial is within the trial court's discretion and will not be disturbed on appeal absent a showing of abuse of discretion. State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. Crim.R. 33, which provides the bases upon which a new trial may be granted, provides in pertinent part:
 {¶ 42} "(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 {¶ 43} "(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
 {¶ 44} "* * *
 {¶ 45} "(4) That the verdict is not sustained by sufficient evidence or is contrary to law * * *."
 {¶ 46} Officer Curry testified that he walked up to Steward's car window and could clearly see him counting rocks of suspected crack cocaine. Officer Curry was subject to cross-examination. Thus, Steward had the opportunity to test Curry's credibility as to what he could see and to inquire whether his view was obstructed. The trial court obviously found Curry's testimony to be credible. Therefore, the verdict was sustained by sufficient evidence, and Steward's seventh assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J. and DIANE KARPINSKI, J. concur.