[Cite as *State v. Singh*, 2011-Ohio-6447.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96049

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DAVANA SINGH

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Common Pleas Court
Case No. CR-536131

**BEFORE:** E. Gallagher, J., Jones, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** December 15, 2011

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY:   David M. King
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio  44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Tiffany Hill
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113




EILEEN A. GALLAGHER, J.:

{¶ 1}  Davana Singh appeals from the decision of the trial court.  Singh argues that his convictions violate his Sixth Amendment right to confront witnesses, that his convictions are against the manifest weight of the evidence, and that his trial counsel rendered ineffective assistance.  Finding no merit to this appeal, we affirm the judgment of the trial court.

{¶ 2}  In March 2010, Detective John Graves of the Cleveland Police

2

Department received a complaint that Singh was selling cigarettes, alcohol, and marijuana to underage persons in his store located at 3425 Fulton Road. After receiving the complaints, Detective Graves met with the complainants who were a mother and her 17-year-old daughter. During the interview, the 17-year-old agreed to act as a confidential informant ("CI") and her mother approved the paperwork.

{¶ 3} On March 22 and March 23, 2010, the CI conducted two buys from Singh at the direction of Detective Graves. On each occasion, officers searched the CI, both before and after the buy, and found her to be free of contraband. The officers also fitted the CI with an audio and video recording device and provided the CI with marked buy money.[1] On both dates, the CI purchased marijuana from Singh, and the video surveillance equipment captured the controlled purchases.

{¶ 4} Detective Graves obtained a search warrant for Singh's store and on March 23, 2010, executed the warrant. While searching the premises, the officers found a pill bottle that they believe was used to store the marijuana, a semi-automatic handgun that was missing its serial number, over $6,000 in cash,[2] multiple cartons of cigarettes that did not have the Cuyahoga County tax stamp on them and an Ohio Directional Card on a shelf behind the counter.

---

[1]Officers photocopied and recorded the buy money issued to the CI. See defense exhibits A and B.

[2]Although the Cleveland Police Department's Search Warrant Inventory Return lists three separate amounts of money seized from Singh and his store, it does not specifically list marked buy money issued to the CI on March 22 and March 23.

{¶ 5} Officers placed Singh under arrest and transported him to jail to await interrogation. Detective Graves interrogated Singh about the evidence collected during the search and through the CI. Initially, Singh denied ever selling marijuana in his store. Eventually, Singh did admit to selling marijuana. Singh stated that he needed the money and that he received $5 for every three bags of marijuana that he sold. Singh would later testify that he was lying when he told Detective Graves that he sold marijuana in his store. Singh reported that he thought he would be held indefinitely unless he admitted that he sold drugs.

{¶ 6} On April 27, 2010, a Cuyahoga County Grand Jury returned an indictment charging Singh with one count of trafficking drugs with a juvenile specification; one count of trafficking drugs with juvenile, firearm, and forfeiture specifications; one count of possession of a defaced firearm with forfeiture specifications; one count of possession of criminal tools with forfeiture specifications and one count of trafficking in or illegal use of food stamps with forfeiture specifications. Singh elected to proceed to trial. The state presented the testimony of Detective Graves, Detective Kevin Fairchild, and Sheila Acre, the food stamp coordinator for the Cuyahoga County Employment and Family Services Department.

{¶ 7} At the close of the state's case, Singh moved for a judgment of acquittal, which the trial court granted as to the juvenile specifications attached to

4

Counts 1 and 2. The defense presented the testimony of Singh, who reiterated his innocence. After the defense rested, Singh renewed his motion for a judgment of acquittal and the court granted the motion as to Count 5 in its entirety. That same day, the jury found Singh guilty of both trafficking offenses as charged, but not guilty of the firearm specification, guilty of possession of a defaced firearm as charged in the indictment, and guilty of possession of criminal tools as charged.

{¶ 8} On October 25, 2010, the trial court sentenced Singh to one year of community controlled sanctions with the caveat that any violation of the terms and conditions would result in a prison term of six months.[3]

{¶ 9} Singh appeals, raising the three assignments of error contained in the appendix to this opinion.

{¶ 10} In his first assignment of error, Singh argues that the state's failure to disclose the CI's identity violated his Sixth Amendment right to confront witnesses and to present his defense. We disagree.

{¶ 11} As an initial matter, we note that while there is no oral or written motion from Singh in the record requesting that the trial court order the state to reveal the identity of the CI, defense counsel did make numerous objections regarding the CI's

---

[3]On August 18, 2011, this court dismissed Singh's initial appeal based on the trial court's sentencing Singh to a single term of community control for all four criminal charges. See *State v. Singh*, Cuyahoga App. No. 96049, 2011-Ohio-4119. Subsequent to the dismissal, the parties petitioned the trial court to correct the sentencing error and on August 25, 2011, the trial court sentenced Singh to one year of community control for each of Singh's four convictions. Accordingly, this court granted Singh's September 6, 2011 motion to reinstate the appeal.

identity, enough to preserve this issue for appeal. Additionally, although not specified by Singh, this assigned error only applies to Singh's convictions for trafficking offenses and possession of criminal tools. The evidence for the remaining counts, and partially to Singh's conviction for possession of criminal tools, arose from the executed search warrant.

{¶ 12} We will not reverse a trial court's decision regarding the disclosure of the identity of a confidential informant absent an abuse of discretion. *State v. Brown* (1992), 64 Ohio St.3d 649, 597 N.E.2d 510; *State v. Feltner* (1993), 87 Ohio App.3d 279, 281, 622 N.E.2d 15; *State v. Richard* (Dec. 7, 2000), Cuyahoga App. No. 76796; *State v. Patterson*, Cuyahoga App. No. 80409, 2002-Ohio-3100. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 13} As this court stated in *Richard*, supra:

> "A criminal defendant is entitled to disclosure of a confidential informant's identity only where the informant's testimony is either: (1) vital to establishing an essential element of the offense charged; or (2) helpful or beneficial to the accused in preparing a defense. *State v. Williams* (1983), 4 Ohio St.3d 74, 446 N.E.2d 779, syllabus. If the informant's degree of participation is such that the informant is essentially a State's witness, the balance tilts in favor of disclosure. Id. at 76, 446 N.E.2d 779. However, where disclosure is not helpful to the defense, the prosecution need not reveal the informant's identity. Id. The defendant bears the burden of establishing the need for learning the informant's identity. *Feltner,* supra; *State v. Parsons* (1989), 64

6

Ohio App.3d 63, 69, 580 N.E.2d 800."  See, also, *Patterson*.

{¶ 14} Here, Detective Graves testified that he met with the CI and her mother prior to both controlled buys.  Detective Graves testified that a female officer searched the CI at the police station both before and after each purchase and that she was free from any contraband.  Detective Graves testified that he provided the CI with $40 of marked buy money each time and that the CI returned with change and two small bags of marijuana on both occasions.  Additionally, Detective Fairchild testified that he performed surveillance outside of the Fulton Avenue store on both dates and that the CI walked directly from the undercover vehicle to the store and then back to the vehicle.

{¶ 15} Although the officers did not directly observe the controlled buys, they placed video surveillance equipment on the CI's person.  During the video of the first buy, the CI is heard asking Singh if he has any "trees."  The video then shows Singh opening a pill bottle and the CI leaning forward.  Although the transfer of the contraband is obscured, Detectives Graves and Fairchild testified that the CI walked out of the store, directly to the undercover vehicle where she handed over two small bags of marijuana.  During the video of the second controlled buy, the surveillance captures the CI with the two small bags of marijuana after an exchange with Singh takes place.  Further, this evidence captured by the video was reiterated by Detective Graves who stated that the CI handed over two small bags of marijuana

7

when she returned to the officers after exiting the store.

{¶ 16} This testimony was sufficient to establish all of the elements of the offenses charged relating to this assigned error. Disclosure of the CI's identity, therefore, was not necessary to establish any essential element of the offenses charged. *State v. Dakdouk* (Mar. 1, 2001), Cuyahoga App. No. 77701; *Richard; Patterson.* Moreover, Singh failed to make any showing whatsoever that disclosure of the CI's identity would be helpful in preparing his defense. While Singh makes general allegations in his brief that if he knew the CI's identity, it would have helped him to present the relationship between himself and the CI as well as further flush out what was recorded by the video, these generalities do not demonstrate any benefit to Singh. In fact, the CI's testimony may have further inculpated Singh. Had the CI testified, she would have testified regarding her age of 17, thus exposing Singh to the juvenile specifications attached to both trafficking charges; specifications that the trial court dismissed for lack of sufficient evidence. Accordingly, the trial court did not abuse its discretion in not ordering the state to reveal the identity of the CI.

{¶ 17} Singh's first assignment of error is overruled.

{¶ 18} In his second assignment of error, Singh argues that his convictions are against the manifest weight of the evidence. This assigned error lacks merit.

{¶ 19} In evaluating a challenge based on manifest weight of the evidence, a

8

court sits as the thirteenth juror, and intrudes its judgment into proceedings that it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury that has "lost its way." *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. As the Ohio Supreme Court declared:

> "Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'
>
> "* * * The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." (Internal citations omitted.) Id. at 387.

{¶ 20} This court is mindful that weight of the evidence and the credibility of witnesses are primarily for the trier of fact and a reviewing court must not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the state has proven the offense beyond a reasonable doubt. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, at paragraphs one and two of the syllabus. The goal of the reviewing court is to determine whether a new trial is

9

mandated. A reviewing court should only grant a new trial in the "exceptional case in which the evidence weighs heavily against a conviction." (Internal citation omitted.) *State v. Lindsey*, 87 Ohio St.3d 479, 2000-Ohio-465, 721 N.E.2d 995.

{¶ 21} In support of his claim that the jury lost its way in convicting him, Singh points out that both video recordings fail to capture everything that occurred in the store. In particular, Singh argues that the CI's movements block out the pertinent moments of the transactions, thereby calling into question the state's evidence against him. Further, Singh claims that the CI comes into contact with several people while in the store, raising doubt that Singh was the one who sold the CI the marijuana on both occasions. We are not persuaded by Singh's arguments.

{¶ 22} We acknowledge that the CI's audio and recordings are difficult to clearly understand and that portions of the video are blocked by the CI's movements. However, we cannot say that the jury lost its way in convicting Singh based on the imperfect videos and the additional evidence presented. The jury heard the testimony of Detective Graves, who testified clearly that a female officer searched the CI both before and after each controlled purchase and that she was found to be free of any contraband. Detective Graves testified that he provided the CI with $40 of buy money on each occasion and the CI returned with two bags of marijuana both times. In addition to Detective Graves's testimony, the jury saw both videos, which depict the two transactions. Although the videos are imperfect, there is no break or

10

gap in time in either video to support Singh's conclusion that she obtained the marijuana from anyone in the store other than Singh.

{¶ 23} Moreover, when the officers executed the search warrant, they recovered the empty pill vial by the cash register as well as the handgun with the serial numbers filed off. Singh argues that because the officers did not find additional marijuana, his convictions are against the manifest weight of the evidence. However, the second video clearly captures Singh telling the CI that he was out of marijuana and that she should return in one-half hour if she wanted more. The officers executed the warrant shortly after the CI completed this second purchase.

{¶ 24} Singh testified that he did not sell any marijuana in his store, but the trier of fact is in the best position to weigh the evidence and the credibility of witnesses. Further, the jury viewed the video recording wherein Singh admitted to selling the marijuana from his store. As the reviewing court, we find that the trier of fact could reasonably conclude from the substantial evidence presented by the state, that the state has proven the offenses beyond a reasonable doubt. Accordingly, we cannot say that the trier of fact lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered.

{¶ 25} Singh's second assignment of error is overruled.

{¶ 26} In his third and final assignment of error, Singh argues that his trial counsel rendered ineffective assistance. This argument is without merit.

11

{¶ 27} In order to prevail on a claim for ineffective assistance of counsel, the defendant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed. 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland* at 687. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Bradley* at 143.

{¶ 28} In determining whether counsel's performance fell below an objective standard of reasonableness, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland* at 689. Because of the difficulties inherent in determining whether counsel rendered effective assistance in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.

{¶ 29} Singh argues that his trial counsel was deficient in failing to petition the court to reveal the identity of the CI and that counsel's failure to do so prejudiced the jury against him. In our analysis of Singh's first assignment of error, we found no fault with the court's decision not to order the state to reveal the identity of the CI.

12

We specifically determined that having the CI testify would not only provide no benefit to Singh, it could further inculpate him. Accordingly, we cannot now say that Singh's trial counsel acted deficiently in failing to petition the court to identify the CI.

{¶ 30} Further, we see no prejudice in counsel's failure to petition the court to identify the CI. The state presented overwhelming evidence of guilt in the form of testimony through Detectives Graves and Fairchild and the two videos of the controlled buys. It is reasonable to conclude that the outcome of the trial would have been the same, even if counsel petitioned the court to identify the CI. We therefore overrule Singh's final assignment of error.

{¶ 31} The judgment of the trial court is affirmed.

{¶ 32} It is ordered that appellee recover of appellant costs herein taxed.

{¶ 33} The court finds there were reasonable grounds for this appeal.

{¶ 34} It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

{¶ 35} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

13

LARRY A. JONES, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR

Appendix

Assignments of Error:

"I. Mr. Singh's conviction violates his Sixth Amendment right to confront witnesses and to present his defense because the State did not reveal the identity of the confidential informant."

"II. Defendant's convictions for drug trafficking, possession of defaced firearm, and possession of criminal tools were against the manifest weight of the evidence."

"III. Defendant Davana Singh was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution."

14