DECISION. *Page 2 
{¶ 1} Ronald Jordan appeals his convictions for two counts of having weapons while under a disability, in violation of R.C. 2923.13(A)(2). For the following reasons, we affirm Jordan's convictions.
 The Seizure of Guns and Drugs {¶ 2} An informant who had provided reliable information to police on prior occasions informed them that, within the previous 72 hours, the informant had seen Jordan selling crack cocaine from his residence. The informant had also recently seen Jordan with a gun. Based on the information, the officers obtained a search warrant for the residence.
 {¶ 3} During their execution of the search warrant, police found nearly 17 grams of heroin, more than ten pounds of marijuana packaged for sale, and nearly 200 grams of crack cocaine packaged for sale. In addition, the police found a triple-beam scale, a pocket scale, packaging materials, crack pipes, and bundles containing 50 one-dollar bills. The police also found two loaded firearms and ammunition.
 {¶ 4} In an interview with police after his arrest, Jordan admitted that he had purchased both of the firearms. Jordan said that police would find ten pounds of marijuana and ten grams of heroin in the computer room of his residence. Jordan stated that the drugs had been dropped off at his residence a few days earlier, but refused to identify the person who had done so.
 {¶ 5} Jordan was indicted for possession of heroin, marijuana, and cocaine, as well as trafficking in marijuana and cocaine. He was also indicted for two counts of having weapons while under a disability. Following a bench trial, *Page 3 
Jordan was acquitted of all the drug charges but convicted of the two weapons charges.
 {¶ 6} In two assignments of error, Jordan now argues that the trial court erred by (1) overruling his motion to suppress evidence, and (2) overruling his motion to disclose the identity of the confidential informant. We find no merit in either assignment of error.
 The Warrant Affidavit {¶ 7} First, Jordan argues that the trial court erred by overruling his motion to suppress evidence seized during the execution of the search warrant. Jordan claims that the affidavit supporting the warrant did not provide a sufficient basis upon which to determine the existence of probable cause.
 {¶ 8} Each of Jordan's contentions in support of this assignment of error relates to testimony by the police officer who had made the affidavit supporting the search warrant. Specifically, Jordan argues that the affiant's testimony at the suppression hearing supplied more detailed information than was included in the warrant affidavit.
 {¶ 9} We begin our analysis with the well-established principle that affidavits supporting search warrants carry a presumption of validity.[1] This presumption is not easily overcome. A defendant who attempts to challenge the presumptive validity of a warrant affidavit is not entitled to an evidentiary hearing unless he first makes "a substantial preliminary showing of a knowing, intentional, or reckless falsity."[2] *Page 4 
 {¶ 10} A defendant who challenges a warrant affidavit cannot simply make conclusory allegations about the affidavit. Instead, the challenger's allegations of falsity or of reckless disregard for the truth must direct the court to the specific portion of the affidavit that is claimed to be false and "should be accompanied by a statement of supporting reasons."[3] It is not enough for a challenger to allege that an affiant was negligent or made an innocent mistake.[4]
Moreover, a defendant's allegations of falsity in a warrant affidavit must be accompanied by an offer of proof, by way of "[a]ffidavits or sworn or otherwise reliable statements of witnesses."[5]
 {¶ 11} Even if a defendant supports his challenge to a warrant affidavit with an offer of proof that specifically details an alleged falsity and the reasons for his claim, the defendant is not automatically entitled to an evidentiary hearing. "[I]f, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required."[6]
But if the remainder of the affidavit does not support a finding of probable cause, the defendant is entitled to a hearing. "Whether he will prevail at that hearing is, of course, another issue."[7]
 {¶ 12} In this case, Jordan's motion to suppress asserted that the search warrant was defective in that the affidavit was not supported by probable cause. Defense counsel specifically informed the trial court that the scope of the motion was limited to the four corners of the affidavit. The defense did not even allege that the affiant had lied or had disregarded the truth in making the warrant *Page 5 
affidavit. Instead, defense counsel simply indicated that the language in the affidavit was similar to language used in an affidavit supporting a search warrant for another suspect in the case.
 {¶ 13} Without an allegation of falsity in the warrant affidavit supported by a proper offer of proof by way of affidavit or otherwise, Jordan was not entitled to a hearing on his motion to suppress. Jordan's allegations of a defective warrant affidavit were supported by nothing more than "a mere desire to cross-examine," a practice specifically prohibited by Franks v. Delaware.[8]
 {¶ 14} In reviewing the affidavit in this case, we are guided by the following instruction by the Ohio Supreme Court: "In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant."[9]
 {¶ 15} Here the warrant affidavit amply supported the issuing magistrate's determination of probable cause. The affidavit stated that a confidential and reliable informant had within the previous 72 hours observed Jordan selling crack cocaine from the residence and had recently seen Jordan with a gun. The affidavit further stated that the informant had provided information to the affiant on several occasions in the past, all of which had been proved to be correct through independent police investigation. On its face, the affidavit established a fair probability that crack cocaine, weapons to protect contraband, and associated drug paraphernalia would be found in the residence.[10]
Consequently, the trial *Page 6 
court properly denied Jordan's motion to suppress. The first assignment of error is overruled.
 Identity of the Informant {¶ 16} In his second assignment of error, Jordan argues that the trial court erred by overruling his motion to disclose the identity of the confidential informant. We disagree.
 {¶ 17} The state has a privilege to withhold from disclosure the identity of its informants.[11] But the state's privilege must give way where the disclosure of an informant's identity (1) is vital to establishing an element of the crime, or (2) would be helpful to the defendant in preparing his defense.[12]
 {¶ 18} The defendant bears the burden of showing how disclosure of the informant's identity would materially assist his defense.[13] "Mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure."[14]
Absent an abuse of discretion, a reviewing court will not disturb a trial court's decision with respect to the disclosure of an informant's identity.[15]
 {¶ 19} Generally, where the informant was not an active participant in the underlying criminal activity but was a mere tipster, disclosure of the informant's identity is not required.[16] And disclosure is not required where the informant's involvement was limited to providing information relevant to probable cause.[17] *Page 7 
 {¶ 20} In this case, Jordan argues that disclosure of the informant's identity was vital to his defense, and that he was deprived of an opportunity to cross-examine the informant. But Jordan failed to inform the trial court how the disclosure would have helped him. In short, Jordan failed to demonstrate a particularized need for disclosure.
 {¶ 21} This was not a case where the informant's level of participation was such that the informant had become, in effect, a witness for the state.[18] While the informant's testimony was helpful in establishing probable cause for the issuance of the search warrant, the testimony was not necessary to establish any of the elements of Jordan's offenses.[19] Consequently, we hold that the trial court did not abuse its discretion in denying Jordan's motion to order disclosure of the identity of the informant.
 {¶ 22} The second assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
CUNNINGHAM and DINKELACKER, JJ., concur.
[1] Franks v. Delaware (1978), 438 U.S. 154, 98 S.Ct. 2674; State v.Roberts (1980), 62 Ohio St.2d 170, 178, 405 N.E.2d 247.
[2] Roberts, supra, at 178; Franks, supra, at 155-156.
[3] Franks, supra, at 171.
[4] Id.
[5] Id.
[6] Id. at 171-172.
[7] Id. at 172.
[8] Franks, supra, at 171.
[9] State v. George (1989), 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph two of the syllabus; Illinois v. Gates (1983), 462 U.S. 213,238-239, 102 S.Ct. 2317.
[10] George, supra, paragraph one of the syllabus; Gates, supra, at 238-239.
[11] See State v. Bays, 87 Ohio St.3d 15, 1999-Ohio-216,716 N.E.2d 1126.
[12] State v. Williams (1983), 4 Ohio St.3d 74, 446 N.E.2d 779, syllabus.
[13] State v. Brewster, 1st Dist. Nos. C-030024 and C-030025,2004-Ohio-2993.
[14] United States v. Dexta (C.A.6, 2005), 136 Fed.Appx. 895, 904, citing United States v. Sharp(C.A.6, 1985), 778 F.2d 1182, 1186, certiorari denied sub nom. Sharp v. United States (1986), 475 U.S. 1030,106 S.Ct. 1234.
[15] See Brewster, supra, at ¶ 48; Sharp, supra, at 1187.
[16] See Dexta, supra, at 905.
[17] Brewster, supra, at ¶ 47, citing State v. Feltner (1993),87 Ohio App.3d 279, 282, 622 N.E.2d 15; State v. Parsons (1989),64 Ohio App.3d 63, 67-68, 580 N.E.2d 800.
[18] See Williams, supra, at 76.
[19] State v. Wilson, 155 Ohio App.3d 1, 2004-Ohio-144, 804 N.E.2d 61;Brewster, supra, at ¶ 49. *Page 1