{¶ 1} This is an appeal from a decision of the Williams County Court of Common Pleas denying a motion to suppress by appellant, Gregory E. Parr. From that judgment, appellant now raises the following assignments of error:
 {¶ 2} "1. The trial lower court errored [sic] in not holding an evidentiary de novo hearing on the motion to suppress. *Page 2 
 {¶ 3} "2. The lower court errored [sic] in not suppressing the search warrant on its face."
 {¶ 4} On September 19, 2006, appellant was arrested for, and subsequently charged with, possession of cocaine after authorities found the drug during the execution of a search warrant in his hotel room.
 {¶ 5} Prior to appellant's arrest, Bryan Municipal Court Judge Kent L. North issued a search warrant for a hotel room at the Ramada Inn in Holiday City, Ohio, located just off the Ohio turnpike. The search warrant authorized the Williams County Sheriffs Department and other law enforcement officials to search the premises for evidence of the use, possession, and sale of controlled substances. Upon execution of the search warrant, sheriffs deputies found, among other items, a plate of cocaine residue.
 {¶ 6} While awaiting trial, appellant filed a motion to suppress all evidence secured by the state from the warrant executed in his hotel room on September 19, 2006. Appellant claimed that the affidavit in support of the search warrant was insufficient to support a finding of probable cause because the affiant received information from unidentified and unreliable employees of the Ramada Inn Hotel. Appellant further argued that the deputy's affidavit, which requested the warrant, gave no consideration to the reliability of the Ramada Inn employees.
 {¶ 7} In the affidavit requesting the search warrant, Williams County Deputy Sheriff Greg Ruskey, the affiant requesting the search warrant, relied on a statement overheard by an unnamed Ramada Inn employee in the hotel restaurant. The unnamed employee told Deputy Ruskey that the man in the restaurant said, "I'll show you how to *Page 3 
cook meth." The Ramada Inn employee further attributed these statements to a man matching the description of appellant, who checked in to room 112. Another unnamed Ramada Inn employee later overheard the statements, "Hey you burned me." and "It shouldn't be fizzing like that." coming from room 112.
 {¶ 8} Appellant checked into the Ramada Inn giving a home address located in Orland, Indiana. Because of the hometown information appellant used to check in, Deputy Ruskey also contacted the Indiana Drug Task Force for further information about appellant. The Task Force informed Deputy Ruskey that appellant's brother, Jeff Parr, was a known methamphetamine manufacturer in Indiana and that they were also familiar with appellant, whom they believed to be "involved in the drug culture." Deputy Ruskey also stated in the warrant application that, in his experience as a sheriffs deputy and narcotics officer, he was aware of persons from Indiana who have used area hotels rooms to illegally manufacture methamphetamine.
 {¶ 9} To support his motion to suppress, appellant submitted a supplemental motion and requested a full evidentiary hearing. Appellant made new claims that the affidavit requesting the warrant had contained erroneous information and false statements. He asserted that an important portion of the information from Ramada Inn employees in the application was false. Specifically, appellant stated that he identified the actual Ramada Inn employee who overheard appellant at the restaurant as Loretta Dunsmore. Appellant insisted that Ms. Dunsmore never actually heard the word "meth" but instead heard the following statement: "Well, I'll cook that shit up * * * I'll show you how to cook it up." Appellant also contended that the information received from the *Page 4 
Indiana Drug Task Force was erroneous because he claimed that he had no prior criminal history relating to illegal drugs.
 {¶ 10} On December 21, 2006, the trial court denied appellant's request for a full evidentiary hearing and appellant's motion to suppress. Appellant then pled no contest to one count of possession of cocaine, a violation of R.C. 2925.11(A) and (C)(4)(a), a felony of the fifth degree. The court accepted appellant's no contest plea and sentenced him to 90 days of incarceration, two years of probation, a six-month suspension of his driver's license, payment of court costs, and a supervision fee.
 {¶ 11} For the following reasons, we affirm the trial court's ruling.
 {¶ 12} In his first assignment of error, appellant argues that the trial court erred in not holding an evidentiary "de novo" hearing regarding the motion to suppress. Appellant maintains that he made a preliminary showing that the warrant affidavit contained false statements made knowingly and intentionally or with reckless disregard for the truth and that those false statements were necessary to the court's finding of probable cause.
 {¶ 13} First, appellant mischaracterizes the appropriate standard of review that courts must take in reviewing search warrants. The United States Supreme Court has repeatedly held that "after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form ofde novo review." (Emphasis in original.) Illinois v. Gates (1983),462 U.S. 213, 236.
 {¶ 14} The Supreme Court of Ohio in State v. George (1989),45 Ohio St.3d 325, set forth the proper standard of review in reviewing the sufficiency of probable cause in *Page 5 
an affidavit submitted in support of a search warrant: "[T]he duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." Id. at paragraph two of the syllabus. This is a more deferential standard than de novo review.
 {¶ 15} Second, regarding appellant's right to an evidentiary hearing, the United States Supreme Court, in Franks v. Delaware (1978),438 U.S. 154, described the circumstances which entitle a criminal defendant to an evidentiary hearing: "[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." Franks at 155-156. This standard was adopted by the Ohio Supreme Court in State v. Roberts
(1980), 62 Ohio St.2d 170, 177.
 {¶ 16} A defendant who attempts to overcome the presumption of validity accorded a warrant affidavit must make a substantial preliminary showing of a knowing, intentional, or reckless falsity, and under Franks, supra, has the obligation of supporting his allegations by more than conclusory accusations, or the mere desire to cross-examine. Id. at 178. State v. Wade, 6th Dist. No. L-04-1217, 2006-Ohio-5104, ¶ 20. Instead, a challenge to the factual veracity of a warrant affidavit requires a supporting offer of proof which specifically outlines the portions of the affidavit alleged to be false, and the supporting reasons for the defendant's claim. Wade at ¶ 20. This offer of proof must include the submission of affidavits or otherwise reliable statements, or their absence *Page 6 
should be satisfactorily explained. Id. Even if all of the above is established, the court in Franks stated that "* * * if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required."Franks, 438 U.S. 154, 171-172.
 {¶ 17} Pursuant to the standard set forth in Franks andRoberts, appellant, at the December 21, 2006 hearing on the motion to suppress, requested a full evidentiary hearing alleging that the affidavit contained false statements and erroneous information. However, neither appellant's motion to suppress, nor his supplement, contained any affidavits or otherwise reliable statements of witnesses. There is also no mention in the record of any explanation whatsoever for the absence of these required submissions. Consequently, the trial court was left to consider only appellant's statements made orally to the judge and in appellant's written motions. Therefore, appellant failed to meet the requirement of a "substantial preliminary showing of a knowing, intentional, or reckless falsity." (Emphasis added.) Roberts at 178. The mere allegations of false statements supported only by conclusional accusations or a desire to cross-examine are not sufficient. Accordingly, the trial court's denial of a motion for a full evidentiary hearing was proper.
 {¶ 18} In addition, "[when] the Fourth Amendment demands a factual showing sufficient to comprise `probable cause,' the obvious assumption is that there will be a truthful showing." (Emphasis in original.)Franks at 164-165, quoting United States v. Halsey (S.D.N.Y. 1966), 257 F.Supp. 1002, 1005. "This does not mean `truthful' in the *Page 7 
sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily. But surely it is to be "truthful" in the sense that the information put forth is believed or appropriately accepted by the affiant as true." Id. at 165.
 {¶ 19} Here, appellant alleges only that the statements made by the Ramada Inn employees were false. Appellant provides no evidence as to whether the affiant's statements were "truthful" with respect to the affiant's belief or appropriate acceptance of the statements' truth. Given the experience and knowledge of Deputy Ruskey as a narcotics officer, it is clear that he believed in the veracity of the affidavit. Since appellant failed to establish that the affiant had knowingly or with reckless disregard for the truth, included in the warrant affidavit a statement that the affiant actually believed was false, appellant was not entitled to an evidentiary hearing on his motion to suppress. Appellant's first assignment of error, therefore, is found not well-taken.
 {¶ 20} In his second assignment of error, appellant argues that the affidavit in support of the search warrant was insufficient to support a finding of probable cause.
 {¶ 21} As previously stated, in George, an appellate court analyzing a motion to suppress a search warrant needs only to ensure that the magistrate had a "substantial basis" for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and *Page 8 
doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. George, paragraph two of the syllabus.
 {¶ 22} Also, when determining whether an affidavit submitted in support of a search warrant contains probable cause, the issuing magistrate should simply "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."Illinois v. Gates (1983), 462 U.S. 213, 238.
 {¶ 23} In the present case, Deputy Ruskey's affidavit for the search warrant states, in relevant part:
 {¶ 24} "The undersigned being duly sworn deposes and says that he has reason to believe that on the premises known as [Ramada Inn, Room 112, in Holiday City, Williams County, Ohio], is now being concealed certain property namely: Methamphetamine, precursors for the illegal manufacture of Methamphetamine, letters, correspondence, instrumentalities and paraphernalia used to weigh and use controlled substances relating to the packaging, distribution, sale and/or delivery of controlled substances * * * along with any other instruments relating to illegal drug related activities."
 {¶ 25} The facts tending to cause Deputy Ruskey to believe the foregoing include: a Ramada Inn employee called the Williams County Sheriffs Office to report suspicious drug related activity; Deputy Ruskey then went to the Ramada Inn and spoke to an employee who stated that another employee of the Ramada Inn overheard two male *Page 9 
subjects (whose appearances were described in detail) in the restaurant area of the hotel state "I'll show you how to cook meth."; another Ramada Inn employee overheard the phrases "Hey you burned me." and "It shouldn't be fizzing like that." coming from Room 112; the desk clerk corroborated the appearance of the two gentleman in the restaurant and stated that they checked into Room 112; Deputy Ruskey called the Indiana Drug Task Force and found out that they are familiar with appellant and believe he is involved in the illegal drug trade; and Deputy Ruskey's past experiences made him aware that it is a common practice for people involved in the drug trade to use area hotel rooms for producing controlled substances.
 {¶ 26} After reviewing the record, we find that the judge had a substantial basis for concluding that probable cause existed. The informants were ordinary citizens, and Deputy Ruskey identified them by traveling to the Ramada Inn before requesting the search warrant. Furthermore, the affidavit provides a statement concerning the informants' basis of their knowledge as the informants personally heard appellant use language common to the drug trade. Unlike information provided by confidential police informants, information from citizen witnesses is presumed credible and reliable and supplies a basis for a finding of probable cause. State v. Garner (1995), 74 Ohio St.3d 49, 63.
 {¶ 27} Given all the circumstances set forth in the affidavit and the deference given to the issuing magistrate, there was a fair probability that contraband or evidence of a crime would be found in appellant's hotel room at the Ramada Inn. Accordingly, appellant's second assignment of error is found not well-taken. *Page 10 
 {¶ 28} The judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J.
William J. Skow, J.
 Thomas J. Osowik, J. Concur. *Page 1