[Cite as *State v. Holt*, 2020-Ohio-6649.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-19-1226

       Appellee                                Trial Court No. CR0201901424

v.

Arron D. Holt                                         **DECISION AND JUDGMENT**

       Appellant                              Decided:  December 11, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Padraic A. McClure, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Arron D. Holt, appeals the September 26, 2019 judgment of the Lucas County Court of Common Pleas, convicting him of trafficking in cocaine and receiving stolen property and sentencing him to prison terms of six years and 17 months, respectively.  For the following reasons, we affirm the trial court judgment.

## I. Background

{¶ 2} Arron Holt was indicted on March 8, 2019 on one count of possession of cocaine, a violation of R.C. 2925.11(A) and (C)(4)(e), a first-degree felony (Count 1); trafficking in cocaine, a violation of R.C. 2925.03(A)(2) and (C)(4)(f), a first-degree felony (Count 2); receiving stolen property, a violation of R.C. 2913.51(A) and (C), a fourth-degree felony, along with a firearm specification under R.C. 2941.141(A), (B), (C), and (F) (Count 3); and having weapons while under disability, a violation of R.C. 2923.13(A)(3) and (B), a third-degree felony (Count 4).

{¶ 3} After filing unsuccessful motions to suppress evidence and to reveal the identities of confidential informants, Holt entered a plea of no contest to the lesser-included offense of Count 2, trafficking in cocaine, a violation of R.C. 2925.03(A)(2) and (C)(4)(e), a second-degree felony, and Count 3. The court found Holt guilty and imposed a term of six years in prison on Count 2 and 17 months on Count 3, to be served consecutively. Holt was also sentenced to a mandatory three-year period of postrelease control on Count 2 and up to three years' discretionary postrelease control on Count 3, and the court imposed the costs of supervision, confinement, assigned counsel, prosecution, and costs assessed under R.C. 9.92(C), 2929.18, and 2951.021. Holt's sentence was memorialized in a judgment entry journalized on September 26, 2019.

{¶ 4} Holt appealed. He assigns the following errors for our review:

> I. The trial court erred to the prejudice of Appellant when it denied his Motion to Suppress without a hearing.

II. The trial court erred to the prejudice of Appellant when it denied his Motion to Reveal confidential Informant's Identity and Disclose Criminal Records and any Agreement Entered Into With the State without a hearing.

## II. Law and Analysis

{¶ 5} Holt's assignments of error challenge the trial court's decisions denying—without a hearing—his motions to suppress evidence and to reveal confidential informants' identities. The evidence Holt sought to suppress was seized pursuant to a search warrant. Before addressing Holt's assignments of error, we summarize the information contained in the affidavit submitted in support of the search warrant.

### A. The Search Warrant Affidavit

{¶ 6} According to the affidavit for search warrant, Detective Kenneth Heban, of the Toledo Police Department, began receiving information from a confidential informant on March 30, 2018, that Holt had been trafficking in cocaine and heroin for over ten years and had engaged in multiple drug transactions in the informant's presence throughout the past six months. The confidential informant, Source One, witnessed drug-related activity on several occasions:

- April 2, 2018: Source One observed Holt negotiate a drug transaction via telephone from Holt's home on Locust Street;

- April 3, 2018: Source One observed Holt with cocaine while driving his Toyota truck;

- April 5, 2018: Source One stated that Holt was acquiring large amounts of black tar heroin from his drug supplier every two weeks, which he then processed out of his home, using cutting agents;

- April 12, 2018: Source One observed heroin and a pistol inside Holt's residence;

- April 17, 2018: Source One observed Holt sell cocaine to an unknown white male at the Sunoco gas station at Buckeye and Manhattan Streets, which he had carried to the transaction in a baggie in his mouth. Holt was driving his Toyota truck.

{¶ 7} Beginning on April 7, 2018, Heban began to receive information from a second confidential informant, Source Two. Source Two told Heban that he had observed heroin and cocaine on Holt's person and in his residence over the past six months. He warned Heban that Holt had a firearm in his home. Source Two reported having witnessed the following drug-related activity:

- April 19, 2018: Source Two observed Holt remove cocaine from his residence, which he then transported to 115th Street, where he sold a portion of it to an unknown white male on the street. He was driving a Dodge truck;

- April 28, 2018: Source Two observed heroin and cocaine inside Holt's residence and saw Holt leave in his Dodge truck with some of the cocaine;

4.

- May 4, 2018: Source Two observed Holt arrive on 115th Street, where he sold cocaine to an unknown white male on the street while operating his Dodge truck.

{¶ 8} As a result of the information that Sources One and Two were providing, Heban conducted a records check and confirmed that Holt and his wife owned and resided at the Locust Street address provided to him. He then began conducting surveillance and observed conduct that was consistent with what Sources One and Two had reported:

- April 9, 2018: Holt was seen leaving his residence in his Toyota truck, making a hand-to-hand transaction with an unknown white male at Manhattan and Hoffman Roads, driving to the Sunoco gas station at Manhattan and Buckeye Streets, and making a hand-to-hand transaction with another unknown white male;

- April 18, 2018: The "listed vehicles"[1] were parked on the street. Several individuals arrived at Holt's home, knocked on the back door, went inside for a short time, then left—activity that Heban described as consistent with drug trafficking;

- April 21, 2018: Holt arrived at his Locust Street home in a Dodge truck;

---

[1] The search warrant affidavit lists a Toyota truck and a four-door Buick. The search warrant lists the Toyota truck, Dodge truck, and the four-door Buick.

- April 22, 2018: The "listed vehicles" were parked on the street. Again, several individuals arrived at Holt's home, knocked on the back door, went inside for a short time, then left;

- April 30, 2018: The Toyota and Dodge trucks were parked on the street;

- May 1, 2018: Holt left his home in the Dodge truck. He met with an unknown white male in a parking lot and conducted a hand-to-hand transaction;

- May 2, 2018: Holt left his residence in the Dodge truck. He met an unknown white male at a parking lot located at Bancroft and Franklin streets. A hand-to-hand transaction took place;

- May 7, 2018: Holt left his house in the Dodge truck. He met with an unknown white male on 115th Street and conducted a hand-to-hand transaction.

{¶ 9} Detectives conducted a trash pull on May 8, 2018. They recovered several torn baggies, one large torn baggie, and a marijuana pipe from the trash. Heban then applied for a search warrant.

{¶ 10} In addition to describing the information received from Sources One and Two, the observations made during surveillance of Holt, and the items discovered during the trash pull, the affidavit for search warrant details Heban's training and experience and his relationship with the confidential informants. He averred that both Source One and Source Two have provided information for over two years, leading to the seizure of

6.

cocaine, heroin, marijuana, firearms, U.S. currency associated with drug trafficking, and materials utilized in drug trafficking. He indicated that the informants have "provided information that has proven to be independently verified as credible and accurate by other confidential source [sic], other law enforcement officers, and law enforcement and open source databases," and have assisted in the arrest and conviction of numerous drug traffickers.

{¶ 11} The magistrate concluded that probable cause existed to believe that drug trafficking was occurring on the premises. The search warrant was issued May 8, 2018, and was executed on May 10, 2018.

## B. Denial of Motion to Suppress

{¶ 12} Holt moved to suppress the evidence seized pursuant to the search warrant. He argued in the trial court that the affidavit for search warrant did not provide probable cause to issue the warrant because (1) there had been no controlled drug buy; (2) the only basis for the credibility or veracity of the confidential sources was boilerplate language indicating that the informants had assisted Heban in previous cases for two years; (3) the affidavit is not specific about how many people were let into Holt's home and for how long, and in any event, there are other possible explanations for those visits that do not include drug trafficking; (4) there was only one trash pull conducted, and the items recovered during the trash pull were not tested for the presence of drugs or tied to Holt; and (5) the good faith exception does not preclude exclusion of the evidence seized here.

7.

{¶ 13} Holt requested a hearing on his motion to suppress. The trial court denied Holt's motion without a hearing. In his first assignment of error, Holt claims that this was error.

{¶ 14} To begin with, Holt argues that he was entitled to a hearing. He argues that under Crim.R. 47, a court must hold a hearing on a motion to suppress where the motion states with particularity the legal and factual grounds upon which it is made. He maintains that his motion stated such grounds, therefore, he should have been afforded a hearing.

{¶ 15} The state maintains that absent an allegation that the search warrant was procured by means of a deliberate or reckless falsehood in the search warrant affidavit—accompanied by an offer of proof of such allegation—the trial court was limited to a four-corners review of the search warrant affidavit and no hearing was required.

{¶ 16} We begin by acknowledging the well-established principle that affidavits supporting search warrants carry a presumption of validity that is not easily overcome. *State v. Jordan*, 1st Dist. Hamilton No. C-060336, 2007-Ohio-3449, ¶ 9. We recently recognized in *State v. Long*, 6th Dist. Wood No. WD-19-021, 2020-Ohio-4090, that where a search warrant is based only on information provided by affidavit, "review of the issuing judge's probable cause determination—both at the trial and appellate court levels—is limited to the information found within the four corners of the affidavit." *Id.* at ¶ 22, citing *State v. Castagnola*, 145 Ohio St.3d 1, 2015-Ohio-1565, 46 N.E.3d 638, ¶ 39

8.

("[T]he reviewing court is concerned exclusively with the statements contained within the affidavit itself." (Internal quotations omitted.)).

{¶ 17} A reviewing court may look outside of the four corners of the affidavit and conduct an evidentiary hearing only if the defendant makes a "substantial preliminary showing" that (1) the affidavit contains false statements that were necessary to the finding of probable cause, and (2) the affiant made the statements knowingly and intentionally or with reckless disregard for the truth. *Id.* at fn. 1, citing *Franks v. Delaware*, 438 U.S. 154, 155-156, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). *See also Jordan* at ¶ 9 ("A defendant who attempts to challenge the presumptive validity of a warrant affidavit is not entitled to an evidentiary hearing unless he first makes 'a substantial preliminary showing of a knowing, intentional, or reckless falsity.'"); *State v. Rosengarten*, 3d Dist. Putnam No. 12-80-13, 1981 WL 6715, *2 (Nov. 6, 1981) ("To mandate an evidentiary hearing * * *, [t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.").

{¶ 18} The standard cited by Holt—that a defendant is entitled to a hearing where his or her motion states with particularity the legal and factual grounds upon which it is made—applies where a defendant seeks to suppress evidence obtained pursuant to a *warrantless* search or seizure. *See State v. Shindler*, 70 Ohio St.3d 54, 636 N.E.2d 319 (1994), citing *Xenia v. Wallace*, 37 Ohio St.3d 216, 524 N.E.2d 889 (1988) ("To suppress evidence obtained pursuant to a *warrantless* search or seizure, the defendant must

9.

(1) demonstrate the lack of a warrant, and (2) raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge." (Emphasis added.)); *State v. Codeluppi*, 139 Ohio St.3d 165, 2014-Ohio-1574, 10 N.E.3d 691, ¶ 13 (involving motion to suppress evidence based on officer's alleged failure to conduct field sobriety tests in accordance with NHTSA guidelines). Because the evidence here was seized pursuant to a warrant, this standard is inapplicable.

{¶ 19} In reviewing defendants' challenges to a trial court's decision not to hold an evidentiary hearing on a motion to suppress evidence seized pursuant to a search warrant, Ohio courts have grappled with whether to apply a clear error standard of review or to review the challenge de novo. *See State v. Corwin*, 2d Dist. Montgomery No. 26690, 2016-Ohio-4718, ¶ 24 (observing that standard of review is unsettled, but concluding that defendant's challenge failed under either standard); *State v. Smith*, 4th Dist. Highland No. 09CA29, 2010-Ohio-4507, ¶ 102 (recognizing the unsettled nature of the standard of review and applying the standard more favorable to defendant—de novo); *State v. Marcellino*, 2019-Ohio-4837, 149 N.E.3d 927, ¶ 9 (11th Dist.), *appeal not allowed*, 158 Ohio St.3d 1450, 2020-Ohio-1090 (acknowledging lack of consistency in federal appellate circuits). At least two Ohio appellate districts have concluded that a decision not to hold an evidentiary hearing should be reviewed for clear error. *See id.* at ¶ 10; *State v. A.P.*, 2018-Ohio-3423, 117 N.E.3d 840, ¶ 60 (12th Dist.).

10.

{¶ 20} We conclude that under either standard, Holt's claim fails. Holt's motion does not suggest that Detective Heban made any false statement in the search warrant affidavit; he argues merely that the affidavit did not support the issuing judge's determination that probable cause existed to issue the warrant. Because he did not allege that Heban knowingly or recklessly made false statements in the search warrant affidavit, the trial court was not obligated to hold a hearing. *See Jordan*, 1st Dist. Hamilton No. C-060336, 2007-Ohio-3449, at ¶ 13 (concluding that "[w]ithout an allegation of falsity in the warrant affidavit supported by a proper offer of proof by way of affidavit or otherwise, [appellant] was not entitled to a hearing on his motion to suppress."); *State v. Abrams*, 12th Dist. Preble No. 315, 1983 WL 4357, *2 (May 4, 1983) (concluding that even if defendant's motion met Crim.R. 47's particularity requirement, hearing should not have been allowed because motion did not allege a deliberate falsehood or reckless disregard for the truth). We, therefore, conclude that the trial court properly denied Holt's request for an evidentiary hearing.

{¶ 21} Turning to the merits of the trial court judgment denying Holt's motion to suppress, the Fourth Amendment to the U.S. Constitution protects against unreasonable searches and seizures and provides that search warrants may be issued only upon probable cause. *State v. Jones*, 143 Ohio St.3d 266, 2015-Ohio-483, 37 N.E.3d 123, ¶ 11. An affidavit for search warrant "must provide the magistrate with a substantial basis for determining the existence of probable cause * * *." *Illinois v. Gates*, 462 U.S. 213, 239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). Whether probable cause for a warrant

exists is assessed under a totality-of-the-circumstances approach. *Id.* at 230. That is, the magistrate must make a "practical, common-sense decision whether, given all of the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." (Internal citations and quotations omitted.) *State v. Myers*, 143 Ohio App.3d 342, 350, 757 N.E.2d 1258 (2d Dist.2001).

{¶ 22} "'In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a *de novo* determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant.'" *Id.*, quoting *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph two of the syllabus. "'Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.'" *Id.* Great deference must be accorded to the magistrate's determination of probable cause, "'and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant.'" *Id.*

{¶ 23} Here, the trial court found that based upon the information contained in the search warrant affidavit, "the magistrate had a substantial basis for concluding that probable cause existed to issue the search warrant," and it denied Holt's motion to suppress. Appellate review of a motion to suppress presents a mixed question of law and

fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. The trial court acts as the trier of fact. We must accept any findings of fact that are supported by competent, credible evidence, however, we conduct a de novo review to determine whether the facts satisfy the applicable legal standard. *State v. Codeluppi*, 139 Ohio St.3d 165, 2014-Ohio-1574, 10 N.E.3d 691, ¶ 7, citing *Burnside* at ¶ 8; *State v. Jones-Bateman*, 6th Dist. Wood Nos. WD-11-074 and WD-11-075, 2013-Ohio-4739, ¶ 9.

{¶ 24} As previously discussed, no evidentiary hearing was conducted here, thus the trial court made no findings of fact; rather, it concluded as a matter of law that the search warrant affidavit provided a substantial basis for concluding that probable cause existed. We must determine, therefore, whether the facts here satisfy the applicable legal standard.

{¶ 25} Heban's affidavit outlined information provided by two confidential informants who claimed to have personally observed Holt engage in drug transactions. The informants provided specific dates and locations of the activity they witnessed. Surveillance was conducted based on this information and law enforcement documented activity consistent with what the informants reported. Items recovered during a trash pull provided further corroboration. Heban detailed his experience in investigating drug trafficking operations and described behaviors that he has learned are indicative of participation in such operations. He also attested to past experiences with Sources One and Two—who in the past provided accurate information that assisted in the arrest and

13.

conviction of drug traffickers—providing a basis for his belief that the information they offered was credible and reliable.

{¶ 26} In *State v. Pillar*, 8th Dist. Cuyahoga No. 84566, 2005-Ohio-630, ¶ 7-8, the defendant challenged a search warrant that was issued based on the following information contained within the detective's affidavit: (1) detectives conducted surveillance for six weeks following various citizen complaints that defendant was trafficking drugs out of his residence; (2) one of the complaints mentioned defendant by name and provided his cell phone and home phone numbers; (3) during the course of the surveillance, the affiant noticed moderate vehicle and pedestrian traffic entering the residence and staying for only short periods of time, which, in his training and experience was indicative of drug trafficking; (4) the affiant conducted a trash pull of the garbage at the residence and found miscellaneous plastic bags with suspected cocaine residue, a piece of a cigarette containing what appeared to be marijuana, and plastic bags with the corners torn out. The court upheld the search warrant.

{¶ 27} In *State v. Wade*, 6th Dist. Lucas No. L-04-1217, 2006-Ohio-5104, the search warrant affidavit stated that the confidential source observed on a number of days that marijuana and powder and crack cocaine were being stored at and sold from the premises by Wade and others. We upheld the warrant, concluding that "under all the circumstances set forth in the affidavit, the issuing judge had a substantial basis for concluding that probable cause existed to issue the search warrants." *Id.* at ¶ 15. *See also State v. Taylor*, 82 Ohio App.3d 434, 441, 612 N.E.2d 728 (2d Dist.1992) (upholding

14.

warrant based on information from informant who had personally seen the cocaine in the house in the preceding 24 hours and who had provided reliable information in the past that led to felony arrests); *State v. Brown*, 8th Dist. Cuyahoga No. 105202, 2017-Ohio-8315, ¶ 3 (upholding search warrant that was secured based on information from "confidential informant with previous record of providing corroborated information" and two trash pulls in which plastic bag "tear offs" and burnt marijuana cigarettes and "debris" were found).

{¶ 28} "An affidavit which contains detailed information from informants (permitting an inference that illegal activity was personally observed by the informants), police corroboration of an informant's intelligence through its own independent investigation, or additional testimony by the affiant helps to bolster and substantiate the facts contained within the affidavit." *State v. Harry*, 12th Dist. Butler No. CA2008-01-0013, 2008-Ohio-6380, ¶ 20. Here, two confidential informants provided information detailing their personal observations of drug activity, and the surveillance and trash pull conducted by Toledo Police corroborated that information. We find that the search warrant affidavit provided a substantial basis for determining the existence of probable cause.

{¶ 29} We find Holt's first assignment of error not well-taken.

### C. Denial of Motion to Reveal Identities of Confidential Informants

{¶ 30} Holt filed a motion to reveal confidential informants' identities and to disclose their criminal records and any agreements entered into with the state. The court

denied Holt's motion without holding a hearing. In his second assignment of error, Holt argues that this was error.

{¶ 31} The Ohio Supreme Court in *State v. Williams*, 4 Ohio St.3d 74, 446 N.E.2d 779 (1983), syllabus, established the standard for determining when the identity of a confidential informant must be revealed to the defense: "The identity of an informant must be revealed to a criminal defendant when the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges." This standard involves the balancing of competing interests. *Id.* at 75. "Generally, when the degree of participation of the informant is such that the informant virtually becomes a state's witness, the balance swings in favor of requiring disclosure of the informant's identity. Conversely, where disclosure would not be helpful or beneficial to the accused, the identity of the informant need not be revealed." *Id.* at 76. *See also State v. Williams*, 73 Ohio St.3d 153, 172, 652 N.E.2d 721 (1995). We review a trial court's denial of a motion to reveal the identity of a confidential informant under an abuse-of-discretion standard. *See State v. Burcell*, 6th Dist. Lucas No. L-97-1420, 1999 WL 76060, *3 (Feb. 19, 1999).

{¶ 32} Holt argues that the informants' identities must be disclosed because "law enforcement was not present, instead they were merely told by the informants of particular acts." The state responds that the detective utilized the information provided by the informants to conduct his own investigation, the informants' testimony is not vital

16.

to establishing an element of the crimes, and the informants were not active participants in the criminal activity—they acted more like tipsters.

{¶ 33} The trial court explained its rationale for denying Holt's motion. It relied heavily on the fact that the detective performed his own surveillance and personally witnessed two hand-to-hand transactions based on information supplied by the informants; the informants themselves were not involved in those transactions. Moreover, Holt failed to specify how the confidential informants would be helpful to his case and never claimed that the informants were critical to proving his innocence.

{¶ 34} We agree with the trial court's conclusions. While the information obtained from Sources One and Two was helpful in establishing probable cause to obtain the search warrant, it was not necessary to establish the elements of the offenses. *See Jordan,* 1st Dist. Hamilton No. C-060336, 2007-Ohio-3449, at ¶ 21 ("While the informant's testimony was helpful in establishing probable cause for the issuance of the search warrant, the testimony was not necessary to establish any of the elements of [the] offenses."). We also agree with the state that where—as here—the confidential informant's role is more akin to the role of a mere tipster, disclosure of his or her identity is generally not required. *See State v. Feltner*, 87 Ohio App.3d 279, 282, 622 N.E.2d 15 (12th Dist.1993) ("Generally, disclosure is not required where the informant's role is that of a mere tipster.").

{¶ 35} As for Holt's argument that the trial court erred in denying his motion without a hearing, he cites no authority entitling him to a hearing. The standard he cites

17.

applies to the circumstances under which a hearing should be held on a motion to suppress evidence seized pursuant to a warrantless search. It is, therefore, inapplicable.

{¶ 36} We find Holt's second assignment of error not well-taken.

### III. Conclusion

{¶ 37} The trial court properly denied Holt's motion to suppress evidence without a hearing. Holt was not entitled to a hearing on his motion because he did not allege that the search warrant affidavit contained false information. The search warrant affidavit provided a substantial basis for determining the existence of probable cause where two confidential informants personally observed Holt engage in drug transactions, they provided specific dates and locations of the activity they witnessed, police conducted surveillance based on this information and documented activity consistent with what the informants reported, items recovered during a trash pull provided further corroboration, and the detective who completed the search warrant affidavit attested to past experiences with the informants, providing a basis for his belief that the information they offered was credible and reliable. We find Holt's first assignment of error not well-taken.

{¶ 38} The trial court also properly denied Holt's motion to reveal the identities of the confidential informants without a hearing. Holt cited no authority requiring a hearing on his motion and failed to specify how the confidential informants would be helpful to his case. Furthermore, the confidential informants were not involved in the criminal activity, their testimony was not necessary to establish the elements of the offenses, they were not personally involved in the hand-to-hand transactions witnessed during

18.

surveillance, and they acted more as tipsters.  We find Holt's second assignment of error not well-taken.

{¶ 39} We affirm the September 26, 2019 judgment of the Lucas County Court of Common Pleas.  Holt is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
                                             JUDGE
Thomas J. Osowik, J. _____

_____
Christine E. Mayle, J. _____          JUDGE
CONCUR.

_____
                                             JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.